IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN E. TITLEY,                          §
                                         §
                    Petitioner,          §
                                         §
v.                                       §          Civil Action No. 4:19-CV-093-O
                                         §
ERIC WILSON, Warden,                     §
FMC-Fort Worth,                          §
                                         §
                    Respondent.          §

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Petitioner, John E. Titley, a federal prisoner who was confined at FMC-Fort Worth,[1] against Eric

Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought

by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter

jurisdiction.

## I. BACKGROUND

In October 2013, in the United States District Court for the Western District of Oklahoma,

Case No. 5:13-cr-00082-D-1, Petitioner pleaded guilty to one count of being a felon in possession

of a firearm and was sentenced as an armed career criminal to a 180-month term of imprisonment.

Resp't's App. 14-15, ECF No. 11. Relying on *Mathis v. United States,* --- U.S. ---, 136 S. Ct. 2243

(2016),[2] *Descamps v. United States,* 570 U.S. 254 (2013), *Begay v. United States,* 553 U.S. 137

(2008), and other circuit case law, Petitioner contends that his sentence is illegal because his prior

_____

[1]Petitioner is currently confined at FTC-Oklahoma City.

[2]To the extent Petitioner relies upon *United States v. Hinkle,* 832 F.3d 569 (5th Cir. 2016), it is of course not
a Supreme Court decision, and the Fifth Circuit's application of *Mathis* in that case arose on direct appeal, not collateral
review.

Oklahoma and Arkansas state court convictions for possession with intent to distribute marijuana are not qualifying predicate offenses for an enhancement as a career offender under the Armed Career Criminal Act (ACCA). Pet. 13, ECF No. 1. He seeks resentencing without the ACCA enhancement. *Id.* at 7. On June 8, 2016, Petitioner filed a § 2255 motion in the convicting court challenging the ACCA enhancement on other grounds, which was denied by that court on March 3, 2017. Resp't's App. 32-36, ECF No. 11. Respondent asserts that Petitioner's challenge to his sentence is not cognizable under § 2241 and that the petition should be dismissed. Resp't's Resp. 4-8, ECF No. 10.

## II. DISCUSSION

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden in this circuit, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

It is clear that Petitioner cannot meet the three requirements. First, he could have raised his

instant claims in his initial § 2255 proceeding, which was pending for more than eight months after the Supreme Court decided *Mathis,* the most recent of the three Supreme Court cases. Second, none of the Supreme Court cases he cites has been made retroactive to cases on collateral review. *See, e.g., Jenkins v. Harmon,* 736 Fed. App'x 73, 73 (5th Cir. 2018) (providing in the context of a § 2255(e) savings clause analysis that *Mathis* is not retroactively applicable); *In re Jackson,* 776 F.3d 292, 296 (5th Cir. 2015) (noting in the context of an application to file a second or successive § 2255 motion that *Descamps* did not announce that its holding applied retroactively to cases on collateral review); *In re Bradford,* 660 F.2d 226, 230-31 (5th Cir. 2011) (noting in the context of a motion for authorization to file a second or successive § 2255 motion that the holding in *Begay* was not made retroactively to cases on collateral review). Nor are other circuit court cases controlling where binding Fifth Circuit precedent squarely holds that a claim challenging a career-offender enhancement is insufficient to invoke § 2241. *See In re Bradford,* 660 F.3d at 230.

Because Petitioner's challenge to his sentence does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is **DENIED.**

**SO ORDERED** on this 29th day of October, 2019.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**